UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

U.S. BANK NATIONAL ASSOCIATION,

                Plaintiff,

    v.

SATICOY BAY LLC, SERIES 5526
MOONLIGHT GARDEN STREET

              Defendant.

Case No. 2:16-cv-01346-JCM-CWH

ORDER

Presently before the court is defendant Saticoy Bay LLC, Series 5526 Moonlight Garden Street's motion to dismiss.  (ECF No. 6).  Plaintiff USROF III Legal Trust 2015-1, by U.S. Bank, N.A., as legal title trustee filed a response (ECF No. 10), to which defendant replied (ECF No. 11).

**I.      Facts**

This case involves a dispute over real property located at 5526 Moonlight Garden Street, Las Vegas, Nevada 89130 (the "property").

On May 29, 2009, Charles and Danielle Bohannan (the "Bohannans") obtained a loan in the amount of $235,653.00 and insured by the Federal Housing Administration ("FHA") to purchase the property.  (ECF No. 1 at 3).  On that same day, the Bohannans executed a deed of trust identifying Pulte Mortgage, LLC as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and First American Title as the trustee.  (ECF No. 1 at 3).

On December 3, 2010, Nevada Association Services, Inc. ("NAS"), as the trustee of the homeowners' association (the "HOA"), recorded a notice of delinquent assessment lien.  (ECF No. 1 at 4).  On July 26, 2011, NAS recorded a notice of default and election to sell to satisfy the

delinquent assessment lien.  (ECF No. 1 at 4).

On February 29, 2012, NAS recorded a notice of trustee's sale.  (ECF No. 1 at 4). Moonlight Garden Street Trust purchased the property for $4,000.00 at the foreclosure sale.  (ECF No. 1 at 4–5).  On September 30, 2013, the property was conveyed to defendant without consideration pursuant to a grant bargain sale deed.  (ECF No. 1 at 5).

On October 1, 2015, U.S. Bank, N.A., as trustee for SROF-2013-83 REMIC Trust 1 assigned the deed of trust and note to plaintiff.  (ECF No. 1 at 3-4).

On June 15, 2016, plaintiff filed a complaint alleging three causes of action: (1) quiet title/declaratory relief; (2) a preliminary injunction; and (3) unjust enrichment.  (ECF No. 1). Plaintiff alleges that it tendered the superpriority portion of the HOA lien, thereby exercising its right to cure.  (ECF No. 1).  Plaintiff maintains that its tender eliminated the superpriority portion of the HOA lien, resulting in the property being purchased subject to plaintiff's deed of trust.  (ECF No. 1).  Plaintiff further alleges that the foreclosure sale and notices failed to comply with Chapter 116 of the Nevada Revised Statutes.  (ECF No. 1).

In the instant motion, defendant moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 6).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III.    Discussion

Defendant argues that it is a bona fide purchaser and plaintiff failed to allege any facts that would put defendant on notice of plaintiff's tender of the superpriority portion of the HOA lien. (ECF No. 6 at 7).  In particular, defendant asserts that a tender of payment on a lien must be recorded to be effective and extinguish the superpriority lien, which plaintiff failed to allege.  (ECF No. 6 at 12–13).  According to defendant, plaintiff has no claim for relief against defendant because it is a bona fide purchaser.  (ECF No. 6 at 8).

However, a claim to quiet title does not specifically require such allegations.  *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013).  Under Nevada law, "[a]n

action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim."  Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superpriority of title."  *Chapman*, 302 P.3d at 1106 (internal quotation marks and citations omitted).  Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others.  *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Subsection (1) of NRS 116.3116 gives an HOA a lien on its homeowners' residences for "any assessment levied against that unit or any fines imposed against the unit's owner from the time the . . . assessment or fine becomes due."  Nev. Rev. Stat. § 116.3116(1).

Subsection (2) of NRS 116.3116 provides that a first deed of trust has priority over an HOA lien.  *See* Nev. Rev. Stat. § 116.3116(2) ("A lien under this section is prior to all other liens and encumbrances on a unit except . . . [a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent.").

However, NRS 116.3116(2) also states that the HOA lien has superpriority status over a first deed of trust "to the extent of the assessments . . . which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ."  Nev. Rev. Stat. § 116.3116(2).  The Nevada Supreme Court has explained, in relevant part:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece.  The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust.  The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

*SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014).

The holder of a first deed of trust may pay off the superpriority interest in order to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien.  *See id.* at 414

("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security.").

These cases establish plaintiff's rights in the face of an HOA superpriority lien.  If plaintiff paid the HOA lien amount in full, as the complaint alleges, defendant's remaining interest is subordinate to plaintiff's first deed of trust. Thus, plaintiff has stated a quiet title claim sufficient to withstand a 12(b)(6) motion to dismiss.

As to plaintiff's second cause of action for injunctive relief, the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action.  *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").  Injunctive relief may be available if plaintiff is entitled to such a remedy on an independent cause of action.  Plaintiff's claim for injunctive relief will therefore dismissed.

Plaintiff's third cause of action is for unjust enrichment.  (ECF No. 1 at 14–15).  Unjust enrichment is the "unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Galvan v. J.C.H. Enters., Inc.*, 2011 WL 4501083, No. 2:11-cv-00307-RLH-GWF, at *3 (D. Nev. Sept. 27, 2011) (quoting *Asphalt Prods. Corp. v. All Star Ready Mix,* 898 P.2d 699, 701 (Nev. 1995)).  To state a valid claim for unjust enrichment, a plaintiff must allege three elements: (1) plaintiff conferred a benefit on defendant; (2) defendant appreciated such benefit; and (3) defendant accepted and retained the benefit.  *Id.* (citing *Topaz Mutual Co. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992)).

Plaintiff alleges that "[s]hould [p]laintiff's [c]omplaint be successful in quieting title and setting aside the HOA [s]ale, the [b]uyer will have been unjustly enriched by the HOA [s]ale and usage of the [p]roperty."  (ECF No. 1 at 14).  However, these alleged benefits were not benefits plaintiff conferred on defendant.  Thus, the court will dismiss plaintiff's third cause of action.

**IV.    Conclusion**

In sum, the court will deny defendant's motion to dismiss as to plaintiff's first cause of action, but grant defendant's motion to dismiss as to plaintiff's second and third causes of action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED THIS 19th day of January, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE