UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| USROF III LEGAL TITLE TRUST 2015-1 BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff(s),<br><br>v.<br><br>SATICOY BAY LLC, SERIES 5526 MOONLIGHT GARDEN STREET,<br><br>Defendant(s). | Case No. 2:16-CV-1346 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff U.S Bank National Association's ("U.S. Bank") motion for leave to file an amended complaint. (ECF No. 24). Defendant Saticoy Bay LLC Series 5526 Moonlight Garden Street ("Saticoy Bay") filed a response (ECF No. 26), to which U.S. Bank replied (ECF No. 27).

**I.      Facts**

The instant action arises out of a dispute over property located at 5526 Moonlight Garden Street, Las Vegas, Nevada ("the property"). (ECF No. 1).

U.S. Bank holds a deed of trust that encumbered the property. (ECF No. 1). On October 5, 2012, Timber Creek Homeowners' Association ("the HOA"), through Nevada Association Services, Inc. ("the HOA trustee"), sold the property pursuant to NRS 116.3116. (ECF No. 1, Ex. 7). On September 30, 2013, the property was conveyed to Saticoy Bay for no consideration pursuant to a grant bargain sale deed. (ECF No. 1).

On June 15, 2016, U.S. Bank filed a complaint alleging three causes of action against Saticoy Bay: (1) quiet title/declaratory relief; (2) a preliminary injunction; and (3) unjust

enrichment. (ECF No. 1). On June 29, 2016, Saticoy Bay filed a motion to dismiss. (ECF No. 6). On January 19, 2017, the court granted in part Saticoy Bay's motion and dismissed U.S. Bank's preliminary injunction and unjust enrichment claims. (ECF No. 15). The court denied Saticoy Bay's motion to dismiss as to U.S. Bank's quiet title/declaratory relief claim. *Id.* U.S. Bank's instant motion requests leave to file an amended complaint. (ECF No. 24).

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.*

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

## III. Discussion

In the instant motion, U.S. Bank asserts that leave to file an amended complaint should be granted so that U.S. Bank can add the HOA and the HOA trustee as parties, and add causes of action for wrongful foreclosure, negligence, negligence per se, unjust enrichment, breach of contract, misrepresentation, and breach of the covenant of good faith and fair dealing. (ECF No. 24).

U.S. Bank argues that its request to amend is timely, as it was in the process of completing NRED mediation before bringing claims against the HOA and the HOA trustee, as required by Nevada Law. (ECF No. 24). Further, U.S. Bank argues that it is seeking leave to amend so as to adjudicate all claims, against all necessary parties, in one action. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

1    Saticoy Bay responds that it is not opposed to the court permitting U.S. Bank to add the
2    HOA and the HOA trustee as parties. (ECF No. 26). Nor is Saticoy Bay opposed to U.S. Bank's
3    request to add causes of action against the HOA and the HOA trustee. *Id.* However, Saticoy Bay
4    opposes U.S. Bank's attempt to reassert claims for injunctive relief and unjust enrichment against
5    Saticoy Bay. *Id.*; (ECF No. 24, Ex. 1).

6    On January 19, 2017, the court granted in part and denied in part Saticoy Bay's motion to
7    dismiss U.S. Bank's complaint. (ECF No. 15). The court dismissed U.S. Bank's injunctive relief
8    and unjust enrichment claims against Saticoy Bay. *Id.*

9    In U.S. Bank's reply in support of its motion for leave to amend, U.S. Bank acknowledges
10   that its proposed amended complaint attached to its motion included causes of action previously
11   dismissed by the court. (ECF No. 27). Accordingly, U.S. Bank attached to its reply a proposed
12   amended complaint, which removes the second cause of action – preliminary and permanent
13   injunction versus all defendants – and amends the third cause of action – unjust enrichment – so
14   that it is only asserted against the HOA and the HOA trustee. (ECF No. 27, Ex. 1).

15   Upon review, the court concludes that U.S. Bank's proposed amended complaint attached
16   to its reply (ECF No. 27) is satisfactory. Accordingly, the court will grant U.S. Bank's motion for
17   leave to file the proposed amended complaint attached to its reply in support of its motion for leave
18   to file an amended complaint. (ECF No. 27, Ex. 1).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank's motion for leave to file an amended complaint (ECF No. 24) be, and the same hereby is, GRANTED consistent with the foregoing.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that plaintiff shall file, within fourteen (14) days from the
2 entry of this order, a first amended complaint identical to that attached to its reply in support of its
3 motion for leave to file an amended complaint (ECF No. 27, Ex. 1).
4    DATED May 22, 2018.

_____
UNITED STATES DISTRICT JUDGE