| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY LLC, SERIES 5526 MOONLIGHT GARDEN STREET,<br><br>Defendant. | Case No. 2:16-cv-01346-JCM-CWH<br><br>ORDER |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Presently before the court is plaintiff PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, as Legal Title Trustee's ("U.S. Bank") motion for attorney's fees. (ECF No. 90). Defendant Saticoy Bay LLC, Series 5526 Moonlight Garden Street's ("Saticoy Bay") filed a response (ECF No. 92), to which U.S. Bank replied (ECF No. 95).

Also before the court is U.S. Bank's motion for reconsideration. (ECF No. 100). Defendant Timber Creek Homeowners' Association ("Timber Creek") filed a response (ECF No. 104), to which U.S. Bank replied (ECF No. 105).

Also before the court is U.S. Bank's motion for an order resetting the deadline to submit a proposed joint pretrial order. (ECF No. 101). Timber Creek filed a response (ECF No. 104), to which U.S. Bank replied (ECF No. 106).

**I.     Facts**

This action arises from a dispute over real property located at 5526 Moonlight Garden Street, Las Vegas, Nevada 89130 ("the property"). (ECF No. 1).

Charles and Danielle Bohannan ("the Bohannans") purchased the property on May 29, 2009. (ECF No. 59). The Bohannans financed the purchase with a loan in the amount of $235,653.00 from Pulte Mortgage, LLC ("Pulte"). (ECF No. 59-1). Pulte secured the loan with a deed of trust, which names Pulte as the lender, First American Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*. On October 21, 2016, U.S. Bank acquired all beneficial interest in the deed of trust via an assignment, which U.S. Bank recorded with the Clark County recorder's office. *Id*.; (ECF No. 60-1).

On December 3, 2010, Timber Creek, through its agent defendant Nevada Association Services ("NAS"), recorded a notice of delinquent assessment lien ("the lien") against the property for the Bohannans' failure to pay Timber Creek in the amount of $1,225.00. (ECF No. 59-1). On July 26, 2011, Timber Creek recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $1,195.50 as of June 25, 2011. *Id*.

In an attempt to exercise its right of redemption, U.S. Bank's predecessor in interest requested from Timber Creek the superpriority amount of the lien. *Id*. On October 11, 2011, Timber Creek provided a payoff ledger of the Bohannans' total amount due from April 2010 to December 2011. *Id*. The payoff ledger shows an outstanding balance of $1,563.73 but does not state what portion of the balance constitutes the superpriority portion of the lien. *Id*. The ledger also does not include charges for maintenance and nuisance abatement. *Id*. The ledger does state, however, that Timber Creek's monthly assessments against the property were $55.00. *Id*.

U.S. Bank's predecessor in interest used Timber Creek's ledger to calculate the superpriority amount as $495.00, the sum of nine months of common assessments. *Id*. On October 27, 2011, U.S. Bank's predecessor in interest sent a letter and a check for that amount to Timber Creek. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Timber Creek rejected the payment without explanation. *Id*.

On February 29, 2012, Timber Creek recorded a notice of foreclosure sale against the property. (ECF No. 60-1). On October 5, 2012, Timber Creek sold the property in a nonjudicial

foreclosure sale to Moonlight Garden Street Trust in exchange for $4,900.00. *Id*. On October 12, 2012, Moonlight Garden Street Trust recorded the deed of foreclosure. *Id*. On September 30, 2013, Saticoy Bay acquired the property via a sale deed, which it recorded with the Clark County recorder's office. *Id*.

On June 15, 2016, U.S. Bank initiated this action. (ECF No. 1). In the first amended complaint, U.S. Bank alleges eight causes of action: (1) quiet title/declaratory relief against all defendants; (2) unjust enrichment against Timber Creek; (3) wrongful foreclosure against Timber Creek; (4) negligence against Timber Creek; (5) negligence *per se* against Timber Creek; (6) breach of contract against Timber Creek; (7) misrepresentation against Timber Creek; (8) breach of the implied covenant of good faith and fair dealing against Timber Creek. (ECF No. 45).

On November 14, 2018, the court entered summary judgment in favor of U.S. Bank, holding that the foreclosure sale did not extinguish the deed of trust. (ECF No. 88). The next day, the clerk entered judgment and closed the case. (ECF No. 89). On December 17, 2018, Saticoy Bay appealed to the Ninth Circuit. (ECF No. 93).

Now, U.S. Bank moves for reconsideration, requesting that the court vacate the judgment and allow U.S. Bank to proceed on its non-quiet title causes of action. (ECF Nos. 100). U.S. Bank also moves for attorney's fees. (ECF No. 90).

**II.    Legal Standard**

   *a. Reconsideration*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

3

conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

  *b. Attorney's Fees*

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. REV. Stat. § 18.010.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorney's fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

/ / /

The party moving for attorney's fees must also meet the requirements set forth in Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
> (3) A brief summary of:
>   (A) The results obtained and the amount involved;
>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;
>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to acceptance of the case;
>   (F) The customary fee;
>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;
>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;
>   (K) The nature and length of the professional relationship with the client;
>   (L) Awards in similar cases; and
>   (M) Any other information the court may request.

LR 54-14(b).

Further, a motion for attorney's fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54-16(c). A failure to provide the documentation required by LR 54-16(b) and (c) in a motion for attorney's fees "constitutes a consent to the denial of the motion." LR 54-16(d).

### III. Discussion

Before the court are three motions. First, the court will deny U.S. Bank's motion for reconsideration and motion requesting an order for a new deadline to file a proposed joint pretrial order because the court's previous order resolved all pertinent issues in this litigation. Second, the court will deny U.S. Bank's motion for attorney's fees.

*a. Reconsideration*

In its November 14, 2018, order, the court held that the foreclosure sale did not extinguish the deed of trust and instructed the clerk to enter judgment accordingly. (ECF No.

88). U.S. Bank argues that the court should vacate the judgment and amend the order so that it no longer instructs the clerk to enter judgment because the court did not dispose of U.S. Bank's non-quiet title claims. (ECF No. 98). The court disagrees.

This action concerns competing claims over title in the property. *See* (ECF Nos. 45, 49, 53). When the court granted summary judgment on U.S. Bank's quiet title claim, it resolved the central dispute in this litigation and rendered all other issues moot. U.S. Bank's contingent and alternative causes of action are no exception. *See* (ECF No. 45). Therefore, the court will deny U.S. Bank's motion for reconsideration and motion for an order resetting the deadline to submit a proposed joint pretrial order.

   *b. Attorney's fees*

U.S. Bank requests that the court award attorney's fees against Saticoy Bay under NRS 18.010(2)(b) and, alternatively, Nevada Rule of Civil Procedure ("NRCP") 68. (ECF No. 90). The court hereby addresses each in turn.

      *i. NRS 18.010(2)(b)*

Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. 18.010. NRS 18.010(2)(b) provides in pertinent part:

> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
> . . .
>
> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party . . .

Nev. Rev. Stat § 18.010(2)(b). A court can exercise its discretion and award attorney's fees pursuant to NRS 18.010 only when there is evidence supporting the court's finding that the opposing party's claim or defense was unreasonable or brought to harass. *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009).

/ / /

U.S Bank argues that Saticoy Bay asserted unreasonable quiet title defenses because U.S. Bank sent Saticoy Bay a check for the superpriority portion of the lien prior to the foreclosure sale. (ECF No. 90). Saticoy Bay contends that it reasonably litigated this action in good faith as the applicable law on valid tender was unsettled at the time Saticoy Bay contested U.S. Bank's claims. (ECF No. 92).

From July 11, 2018, to August 22, 2018, U.S. Bank and Saticoy Bay filed and briefed motions for summary judgment. (ECF Nos. 58, 59, 62, 69, 75, 76, 80, 81, 83, 84). In the pertinent briefs, Saticoy Bay asserted that U.S. Bank did not tender the superpriority portion of the lien when it sent a check for nine months of common assessments. *See* (ECF Nos. 58, 76, 80). Saticoy Bay's arguments, which were based on then unsettled law, were reasonable and brought in good faith because those same arguments prevailed in analogous cases. *See*, *e.g.*, *U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 2:15-cv-1527-JCM-CWH, 2018 WL 3312980 at *6–7 (D. Nev. July 5, 2018).

On September 13, 2018, the Nevada Supreme Court clarified the applicable law and held that sending a check for nine months of common assessments constitutes valid tender when an HOA does not indicate that the property had any charges for maintenance or nuisance abatement. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (*Bank of America*). Based on this change in controlling law, the court granted summary judgment in favor of U.S. Bank on November 14, 2018. (ECF No. 88).

The litigation history shows that Saticoy Bay proceeded on legal theories that were likely to succeed under then applicable law. The opinion in *Bank of America*, which the Nevada Supreme Court published after Saticoy Bay finished briefing the summary judgment motions, cannot retroactively render Saticoy Bay's defenses unreasonable. Therefore, the court will not award attorney's fees pursuant to NRS. 18.010(2)(b).

*ii. NRCP 68*

The Ninth Circuit has held that federal courts may award fees under NRCP 68, through the operation of Federal Rule of Civil Procedure 54(d), when NRCP 68 would allow for attorney's fees in state court. *See Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016) ("Rule

54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law.").

Courts award reasonable attorney's fees in state court pursuant to NRCP 68 when (1) a party's offer of judgment satisfies the requirement set forth in the statute and (2) the offer of judgment was a reasonable request. Nev. R. Civ. P. 68; *see also Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983); *see also Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969).

NRCP 68 allows any party to serve a written offer of judgment at any time more than twenty-one (21) days before trial. Nev. R. Civ. P. 68(a). An offeree is subject to penalties for rejecting an offer of judgment under the following provisions:

> (1) Penalties for Rejection of Offer**.** If the offeree rejects an offer and fails to obtain a more favorable judgment:
>
> . . . .
>
> (B) the offeree *shall* pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer**.** If the offeror's attorney is collecting a contingent fee, the amount of any attorney's fees awarded to the party for whom the offer is made must be deducted from that contingent fee.

Nev. R. Civ. P. 68(f)(1) (emphasis added).

On June 12, 2018, U.S. Bank served Saticoy Bay with a written offer to allow the court to enter judgment in favor of U.S. Bank in exchange for $285,001.00. (ECF No. 90-6). Thus, U.S. Bank timely served a written offer of judgment in compliance with NRCP 68(a). Thereafter, Saticoy Bay rejected the offer under NRCP 69(e) by allowing it to lapse. *See* (ECF Nos. 90, 92); Nev. R. Civ. P. 68(e)("If the offer is not accepted within 14 days after service, it will be considered rejected . . .").

The court next considers whether U.S. Bank's offer of judgment was a reasonable request. The following factors guide the court's analysis:

> (1) Whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether fees sought by the offeror are reasonable and justified in amount.

8

*Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) (hereinafter the "*Beattie* factors").[1]

As the court explained in its NRS 18.010 analysis, Saticoy Bay contested U.S. Bank's quiet title claim in good faith as it raised legal arguments that could have reasonably prevailed under then existing law. *See*, *e.g.*, *U.S. Bank, N.A.*, 2018 WL 3312980 at *6–7. Further, Saticoy Bay's decision to reject the offer was not grossly unreasonable for that same reason—the applicable law was unsettled and Saticoy Bay could have prevailed at summary judgment. Accordingly, the first and third *Beattie* factors weigh against awarding attorney's fees.

The second *Beattie* factor favors awarding attorney's fees. When U.S Bank served its offer of judgment, free and clear title in the property was worth $331,977.00. (ECF No. 90-7). Had Saticoy Bay accepted the offer, it could have avoided summary judgment in U.S. Bank's favor and retained over $50,000.[2] Moreover, U.S. Bank served the offer before the parties filed motions for summary judgment. *See* (ECF Nos. 87, 90-6). These facts show that U.S. Bank's offer was reasonable in time and amount.

As for the fourth *Beattie* factor, courts determine the reasonableness of the offeror's requested fee award by considering the following factors:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969) (hereinafter the "*Brunzell* factors").

Between June 12, 2018, and November 15, 2018, U.S. Bank briefed seven substantive motions including three motions for summary judgment and a motion to dismiss. The issues that U.S. Bank addressed in its filings were complex as there did not exist clear authority on how the courts should rule. Lastly, U.S. Bank's advocacy was of respectable quality and ultimately led to

---

[1] Although U.S. Bank initiated this action, the court treats Saticoy Bay as the plaintiff under the *Beattie* factors test in light of Saticoy Bay's competing claim to clear title in the property.

[2] The $50,000 figure is based on deducting the offer of judgment amount from the property value.

9

judgment in its favor. Therefore, in consideration of the *Brunzell* factors, U.S. Bank's requested award in the amount of $23,144.66 is reasonable.

In sum, the first and third factors disfavor awarding attorney's fees whereas the second and fourth factors favor awarding attorney's fees. When the *Beattie* factors are evenly split, as is the case here, courts do not award attorney's fees pursuant to NRCP 68. *See*, *e.g.*, *Barrera v. Western united Ins. Co.*, No. 2:09-cv-2289-ECR-PAL, 2012 WL 1744975 at *4 (D. Nev. May 16, 2012) ("Because we find that two factors favor Plaintiff and two factors favor Defendant, we decline to award attorney's fees . . ."). Therefore, the court will deny U.S. Bank's motion.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank's motion for attorney's fees (ECF No. 90) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that U.S. Bank's motion for reconsideration (ECF No. 100) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that U.S. Bank's motion for an order resetting the deadline to submit a proposed joint pretrial order (ECF No. 101) be, and the same hereby is, DENIED.

DATED THIS 4th day of April 2019.

James C. Mahan
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE